UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| VINCENT GILLESPIE, and<br>JOHN DOES 1-10,000,<br>       Plaintiffs,<br><br>vs.<br><br>THE EXECUTIVE OFFICE OF THE,<br>MASSACHUSETTS TRIAL COURT,<br>and JOHN DOES 1-10,<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

Overview: The Plaintiffs ("Vincent") bring suit against the Executive Office of the Massachusetts Trial Court, and Does 1-10, alleging that in 2017 employees from that office destroyed thousands of law books from the Franklin County Trial Court Law Library without authorization, and without following applicable rules and procedures, and basically in secret. Law books from other Mass. Trial Court law libraries may have also been wrongly destroyed by the Defendants. This improper conduct eviscerated one or more 200 year old collections of law books and deprived the citizens of Massachusetts of valuable property without due process of law in violation of their rights under the Fifth Amendment to the US Constitution.

The Defendants also exhibited a pattern of closing and shrinking Trial Court law libraries, rather than protecting and caring for them.

1

The Defendants also engaged in Civil Conspiracy to accomplish some or all of these wrongful ends.

## I. JURISDICTION

1. Pursuant to 28 U.S.C. § 1331 jurisdiction of this court arises because this complaint contains at least one federal question. That question is the following: Were the Plaintiffs' Fifth Amendment rights against deprivation of property without due process of law violated when the Executive Office of the Trial Court covertly, improperly and illegally destroyed numerous – probably thousands – of law books from the Trial Court law libraries?

## II. PARTIES

### Plaintiffs

2. Plaintiff Vincent Gillespie ("Vincent") is a resident of Worcester County, Massachusetts. He is a private citizen and does not work for any federal, state or local government agency. His mailing address is: P. O. Box 34, Orange, Mass. 01364.

3. This case may become a class action law suit, as there are many people who have been harmed by the Defendants' actions. Thus, there may be many additional Plaintiffs joining this lawsuit.

### Defendants

4. The Executive Office of the Trial Court, which is located in Boston, has responsibility for overseeing the Mass. Trial Court law libraries. Employees from that office were the ones who illegally had the books destroyed. However, the Plaintiffs do not know the names of the individual wrongdoers at this time.

5. There may be people outside of the Executive Office of the Trial Court who

also participated in directing and carrying out the wrongful destruction of the law books and who may share responsibility for the wrongful actions at issue here. However, the Plaintiffs do not have the names of such people at this time.

### III. FACTUAL BACKGROUND

6. The Franklin County Courthouse – which houses the Franklin County Law Library – was renovated in a construction process which occurred from 2014 to 2017. The law library was relocated to a temporary location on Munson Street in Greenfield during that time.

7. The original renovation plans called for maintaining the original size of the Franklin Law Library and the full collection of law books. However, during the renovation period officials from the Executive Office of the Trial Court in Boston quietly changed the building plans so that the size of the law library was drastically reduced, resulting in an 86% reduction in the size of the law book collection at the Franklin County Law Library. The size of the collection of law books was reduced from about 4,000 linear feet of books to only about 600 linear feet.

8. While the officials from Boston purported to seek input from local officials in Franklin County during this time regarding the changes that they were making to the floor plans of the new Courthouse reports indicate that that was just a facade and that the input was ignored. And regarding the fact that thousands of books would be shredded apparently no local officials were even told about that.

9. Also, during the renovation process a graphic presentation of the new library was prominently presented on public display at the temporary library location on Munson Street. This was misleading because it showed only (what was apparently) the

original plans for the renovated Franklin law library, which included keeping all of the original 4,000 linear feet of books. This helped keep the public in the dark about the coming drastic reduction in the size of the library until renovation process was finished and the new, much smaller Franklin Law Library was opened.

10. In January of 2017 Vincent became very concerned when he learned of the drastic reduction in the size of the Franklin County Law Library collection and he began working to try to learn what had happened and to try to remedy the situation. He originally was trying to get the removed books replaced and/or returned to the Franklin County law library. He was soon joined by several other concerned private citizens, including Lisa Hoag ("Lisa"), and Betty Tegel, and they began working together as a group (the "citizens' group"). (Other private citizens, government employees and officials also worked with them and/or helped at times.)

11. The citizens' group soon learned that a very large number of law books from the Franklin County Trial Court Law Library – several truck loads full, reportedly – were taken to the North Star Pulp and Paper Company (in Springfield, Mass.) on February 6, 7, and 14 of 2017 and sold for a mere 2 cents per pound. The books were then shredded and the paper was apparently recycled.

12. The justifications given by the Defendants (and/or associates of theirs) for the unexpected and drastic reduction in the size of the Franklin Law Library are dubious:

    (a) It was claimed that space was needed for a Court Services Center, an Opioid Task Force, and a DMV Kiosk and so the space was taken from the law library. But this rationale does not justify a tiny handful of people (or possibly just one person) from the Executive Office of the Trial Court

taking it upon themselves to: (i) dramatically alter plans established by the proper agency which had approved those plans for the new Franklin County Courthouse and law library, the Department of Capital Management; and (ii) eviscerate a 200 year old collection of law books.

(b) Representatives of the Executive Office of the Trial Court also claimed (and/or implied) that the Trial Court law libraries were not used much and that more people would use the Court Services Center.[1] But many of the statistics used and other claims made by the Executive Office of the Trial Court were not credible.

- They claimed (or implied) that the Franklin Law Library was not being used much. But this is untrue. The Franklin Law Library, before it was robbed of 86% of its books, was the most used Trial Court Law Library per capita in all of Massachusetts.

- Also, they were calculating the number of people using the law libraries (or at least the Franklin Law Library) by citing the numbers of books that were checked out over a given time period. But this may be an inaccurate measure of library usage because in many cases people use the law libraries without checking out books.

(c) In a Mass. Lawyers Weekly article dated 1/12/17 (titled "Trial Court insists

---

[1] John Merrigan, the Franklin County Register of Probate, also advocated for the Court Services Center. He appears to have teamed up with the Executive Office of the Trial Court to covertly alter the original floor plans and steal the space from the Franklin Law Library and give it to the Court Services Center. He may have been selected by the Executive Office of the Trial Court to help achieve this end and possibly to hide the extent of their own involvement in this effort (by having him sort of act as a "front man"). And the opinions of other local officials who disagreed with the planned changes were ignored. And again, it appears that no local officials were even told that thousands of law books would be destroyed.

5

closures not a retreat from libraries") Trial Court spokesperson Jennifer Donahue was quoted as saying: *"Only outdated materials that are not available online would potentially be discarded..."* On the contrary, it appears that many of the destroyed books are not available online.

13. While the claim that all of the books that were removed from the Franklin County Law Library were available online is untrue, apparently many of them are available online. But this still does not justify the destruction of our law books:

   (a) For pro se litigants it is disempowering to use a Court Services Center which just tells people what to do and what forms to fill out. In contrast, one can use a law library to fully litigate on one's own and that is empowering. (Again, most of the law library floor space and thousands of law books were removed from the Franklin Law Library to make room for a large Court Services Center.)

   (b) It is the experience and belief of many people – including at least some lawyers and surely many pro se litigators – that having law books online is simply not as beneficial and useful a resource for legal research as having the physical books. (See further discussion about this in par. 35(b) and 17(a), below.)

   (c) When we don't have physical copies of our books and only have online copies important books or records (or decisions in cases which are "inconvenient" for the powers that be) can readily be "disappeared" or altered by the powers that be without the public knowing about it, knowing who made the alterations, or being able to do anything about it.

    (d) The idea that it is OK to secretly destroy thousands of law books from a 200 year old collection of books is radical and extreme.

14. On 2/24/17 Lisa submitted a public records request (to Sheriece Perry, Senior Manager of Support Services in the Office of Court Management[2]) pursuant to the Mass. Public Records Law seeking answers as to what happened.

15. On 3/7/17 Vincent submitted a public records request (to Harry Spence and Paula Carey of the Executive Office of the Trial Court) pursuant to the Mass. Public Records Law seeking answers as to what happened.

16. The Executive Office of the Trial Court, which responded to Lisa's and Vincent's public records request letters (dated 2/24/17 and 3/7/17, respectively), initially refused to produce any documents and claimed that it was not subject to the Mass. Public Records Law. During this time, while Vincent and Lisa and others were searching for information about this issue, the Executive Office of the Trial Court ORDERED all of the Mass. Trial Court law library librarians (by email) not to speak to anyone from the public about this issue.

17. Some officials publicly expressed support for the work of the citizens' group:

    (a) Former state senate president Stan Rosenberg wrote a public letter dated 5/16/2017 to Paula Carey, the Chief Justice of the Trial Court, expressing concern about the destruction of the law books. He wrote:

> ...I write today to respectfully request that the Trial Court maintain a broader set of books and materials on a regional basis including

---

[2] A number of government officials and administrators are identified in this complaint, along with their job titles. The job titles are accurate (to the best of this writer's knowledge) as of the times that these individuals are identified as having been in those positions. But people retire or move on to other positions and so some of the job titles may no longer be accurate as of the time of this writing.

7

> those that may appear to supply only a historical perspective on the current state of the law. …
>
> …
>
> …
>
> …
>
> It is not clear that the intact nearby [to Greenfield] Hampshire County Law Library collection will continue to survive under the current policy. The experience of New Bedford, Fitchburg, Lawrence and Hampden County tend to portend that it will not.
>
> From newspaper reports it seems that some, perhaps many, of these materials may have been digitized before being disposed of. However, it is unlikely that these books have been preserved in a searchable digital format, making them much less useful to any legal research. Many of these books will also undoubtedly be available via the many private digital subscription services. Access to these services is expensive and maintaining these subscriptions in the local law libraries will likely be beyond the Law library acquisition budget. …

(b) The selectboard of the town of Wendell, Massachusetts issued a public letter dated 7/26/2017 in support of the efforts of the citizens' group. They wrote: "The Selectboard of the Town of Wendell Massachusetts has voted to express its strong support of the effort to halt the ongoing practice of shredding law books and other historical records, both at the Franklin County Law library and at other Law Libraries across Massachusetts."

18. In about May of 2017 Vincent, Lisa, Betty Tegel and other concerned citizens held a public meeting at the Greenfield Public Library regarding this set of issues. There were very roughly 10-15 people present. Lucinda Brown, who was then the Community Relations Coordinator of the Mass. Trial Court, led and guided the meeting.

19. Throughout the course of the rest of 2017 Vincent, Lisa and other concerned citizens participated in a number of additional public (and private) meetings (including but not limited to the two meetings discussed below in which public officials participated)

to discuss the issue of the destruction of the law books from the Franklin County Law Library and other Mass. Trial court law libraries.

20. In May of 2017 the Executive Office of the Trial Court had still not produced any documents in response to Lisa's public records request. Thus, on 5/18/17 Lisa filed an administrative appeal directed to William Galvin, Secretary of the Commonwealth.

21. In June of 2017 the Executive Office of the Trial Court had still not produced any documents in response to Vincent's public records requests. Thus, on 6/5/17 Vincent also filed an administrative appeal directed to William Galvin.

22. On June 7, 2017 Lisa, Vincent and others arranged for a public meeting at the Franklin County Courthouse involving a number of concerned private citizens and a number of local and state officials to try to address this set of issues. There were very roughly 30 (or more) people in attendance. The officials from Boston in attendance included John Bello (Director of Facilities at the Executive Office of the Trial Court) and Sheriece Perry (see above). The local officials in attendance included Scott Cote (Franklin County Register of Deeds), John Merrigan (Franklin County Register of Probate), Kathy Ludwig (librarian at the Franklin County Law Library), and Tim Flynn (who was then head of the Franklin County Bar Association). Lucinda Brown (see above) led and guided the meeting.

23. On 6/7/17 Lisa's administrative appeal was denied.

24. On 6/9/17 Vincent's administrative appeal was denied.

25. On 8/9/17 there was another meeting involving Mass. state and local officials and several concerned citizens.

    (a) This meeting occurred at the Worcester Law Library. State officials (from

Boston) in attendance were Sheriece Perry and John Bello. John Merrigan, a local official, was also in attendance. The private citizens present were: Lisa, Vincent, Betty Tegel, and Jeane and Peter Golrick.

(b) Some of the topics discussed at this meeting were the following:

- <u>A proposal put forth by the citizens' group that the floors of the new Franklin Law Library and of the Court Services Center should be switched.</u> The original plans called for the law library to have floor space on both the first and second floors. But after the Executive Office of the Trial Court wrongly altered the plans, the law library was limited to only the second floor, which was a smaller space, while the Court Services Center got the space on the first floor, which was 1.5 to 2 times larger (than the space on the second floor). Furthermore, because of design problems which resulted in concerns about the strength of the floor on the second floor, the book shelving on the second floor was limited to being only three feet tall, while the shelving on the first floor could be seven feet tall. This further limited the number of books that could be held by the law library on the second floor (and this was an additional reason why it made sense to switch the floors). (Thus, if the floors had been switched the law library could have held perhaps 3-4 times more books than what it could hold on the second floor.) Additionally, there was lots of unused and extra space on the first floor that the Court Services Center did not even need. It made sense to switch the two floors, to put the Court Services Center

in the second floor space and the law library in the first floor space.

- *A proposal was put forth to utilize extra storage space that was available in the Franklin County Courthouse to house law books that could no longer fit in the new, smaller Franklin Law Library.* A librarian could have gone to the storage space periodically to retrieve books that were requested by library patrons.

- *The possible acquisition of the Greenfield Recorder Building to house the Franklin Law Library.* At the time of this meeting the Greenfield Recorder Building (owned by the Greenfield Recorder, a newspaper) was for sale. It was located right across the street from the Franklin Courthouse. It was easily big enough to house the Franklin law library, as well as one or more other departments that were being housed in the Franklin Courthouse building.

- *The private citizens sought a commitment from the Executive Office of the Trial Court that they would not shred any more books without authorization, proper documentation and public oversight.*

- *The need for an inventory of all the Trial Court law library law books, updated annually, and available to the public.*

- *Control and management of the Trial Court law libraries needed to be transferred away from the Executive Office of the Trial Court and placed in the hands of another, more reliable entity.*

(c) There was an agreement that John Bello would speak to his colleagues and superiors in Boston about the matters that had been discussed and

that he would report back to the citizens' group.  Everyone at the meeting agreed that there would be a subsequent meeting between the officials and the citizens' group.

26. In an email dated 12/18/17 Stefano Cornelio, an administrative attorney at the Executive Office of the Trial Court, cancelled the subsequent meeting, which had been scheduled for December 20th, 2017, without explanation, inaccurately referring to it as having been "tentatively" scheduled.  He also wrote that there would be no further meetings with officials from Boston.

27. In a letter dated 12/15/17 Executive Office of the Trial Court provided Lisa with some documents responsive to her public records request.

28. In two letters dated 12/18/17 and 12/27/17 the Executive Office of the Trial Court provided Vincent with some documents responsive to his public records requests. However, while the Executive Office of the Trial Court did finally provide (among other things) some documentation showing the procedures that they were required to follow in destroying law books, including excerpts from a document titled *Guidelines for the Disposal of Used Legal Materials in the Trial Courts*, they did not provide any documents showing that they had in fact followed those procedures. (The procedures require substantial documentation to be generated, including but not limited to signatures obtained from three different officials, when books are destroyed.  The procedures also require, among other things, that "[i]f the books might be valuable to another state agency, or to cities and towns, or to non-profit corporations…" steps must be taken to attempt to transfer the books to such entities before resorting to destruction.) Also, although they did provide the weed lists (the lists of books that were

removed from the Franklin Law library) neither those lists nor any other documents that were produced provided any clear specifics about how many books were destroyed.

29. Vincent subsequently sent letters dated 4/6/18 and 5/7/18 seeking documentation showing that the Executive Office of the Trial Court had complied with the rules and documentation procedures required by the document titled *Guidelines for the Disposal of Used Legal Materials in the Trial Courts* when they destroyed all those law books.

30. The Executive Office of the Trial Court then responded with a letter dated 7/9/18 which stated that they were unable to provide the information and documents requested.

31. Also, there appears to be a wider plan to eliminate our physical law books and close or diminish the Mass. law libraries throughout the state, involving more than just the Greenfield Law Library:

(a) The New Bedford and Fitchburg law libraries were completely shut down (apparently in 2015 and/or 2016). (The Executive Office of the Trial Courts cites low usage statistics as justification for the closures.[3] But their data can be unreliable, as explained above. Also, even if we say for the sake of argument that usage was down, it could later go back up.)

(b) The Lawrence library lost 25% of its collection in September of 2015. As with the Franklin Law Library, here they also took space from the law library during a renovation of the courthouse and claimed they needed the space for a Court Services Center.

---

[3] This assertion is made based on information and belief.

## IV. DISCUSSION ABOUT THE WRONGFUL CONDUCT OF THE DEFENDANTS

32. The 7/9/2018 letter from the Executive Office of the Trial Court – which said that they could not provide documents and information showing that they had complied with the applicable rules and procedures when they destroyed the law books (see par. 30, above) – is very significant. It implies that the Executive Office of the Trial Court destroyed the books without following the applicable rules and procedures.

33. The plans for the renovated Franklin County Courthouse and the renovated Franklin County Law library were created, overseen and/or approved by the Department of Capital Management (the agency which by law is supposed to oversee and approve such plans).[4] It is evident that officials from the Executive Office of the Trial Court took it upon themselves to radically alter those plans so that 86% of the law books were removed, and (apparently) to illegally destroy untold thousands of them. And they replaced most of the floor space which originally had been designated for the law library with a Court Services Center, something which for whatever reason THEY wanted. But it was not their right and their place to make such changes on their own.

34. And apparently assuming that few people if anyone would ever discover the matter and that no one would ever be able to hold them (the Executive Office of the Trial Court) accountable, they apparently just went ahead and destroyed the books without bothering to follow any rules or protocols at all.

35. The Trial Courts should not be overseeing the Trial Court law libraries:

    (a) Control over the Law Libraries was transferred from the county

---

[4] This assertion is made based on information and belief.

14

governments (and some county bar associations[5]) to the Trial Courts (a process which was completed in 1997). Under the care of the county governments (and some county bar associations) the Trial Court Law Libraries had grown and been well cared for for about *200 years*. But then, not too long after the Trial Courts got hold of them, we found that the Trial Courts had been quietly eliminating the law libraries. The track record of the Executive Office of the Trial Courts in managing the Trial Court law libraries – especially when it is contrasted with that of the County governments – shows that the former is not a good and responsible choice of entity for managing the law libraries.

(b) <u>The Executive Office of the Trial Court may have a conflict of interest relating to pro se litigants in managing the Trial Court law libraries:</u>

- Pro se litigants often depend on law libraries and may not have adequate access to online legal resources. Unlike attorneys most pro se litigants generally do not have access to the major online legal databases, such as Westlaw and Lexis (except to a limited extent at law libraries), which charge substantial fees for subscriptions. For a pro se litigant it is often more advantageous to be able to check out law books and read through them at home, on his own time, and without having to stay at the law library and without being limited to the hours of operation of the library.

- By destroying (or greatly shrinking) the Trial Court law libraries the

---

[5] This assertion is made based on information and belief.

>    Executive Office of the Trial Court effectively undermined pro se litigants. And courts often dislike pro se litigants. So the Executive Office of the Trial Court might (secretly) find that result desirable.
> - Thus, the courts (i.e., the Executive Office of the Trial Court) may have a conflict of interest in managing the Trial Court law libraries.

36. The bottom line here is that thousands of law books from (one or more) 200 year old law libraries have been irresponsibly, illegally and covertly destroyed by the very entity which the citizens of Massachusetts (through their government representatives) have entrusted to look after and manage those libraries. And this irresponsible and illegal conduct was performed by an entity which should stand as a model and a beacon of lawfulness and integrity, none other than the Executive Office of the Trial Court. This is not good at all.

37. Additionally, based on information and belief it is alleged that one or more representatives from Westlaw and/or Lexis approached the Executive Office of the Trial Court and may have offered them some kind of deal, possibly a bribe, to get that office to phase out physical law books in favor of online materials. (And based on information and belief it is alleged that Westlaw and/or Lexis may have done this in other states as well.) Since Westlaw and Lexis provide online legal materials and they charge substantial sums for access to those materials, those corporations stand to gain substantial amounts of money by improperly influencing officials to replace physical books with online materials.

## V. COUNTS

### V.A. Count I: 42 U.S.C. § 1983 – Deprivation of property without due process of law

38. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs in this complaint.

39. The wrongful, underhanded, secretive, unauthorized and illegal destruction of thousands of law books from the Franklin Law Library and other Massachusetts Trial Court law libraries by the Executive Office of the Trial Court deprived many Massachusetts citizens of valuable resources, physical law books which can be used to learn about the law and to litigate in court. This has harmed many Massachusetts citizens. These books essentially belonged to the citizens of Massachusetts. Thus, this unauthorized destruction of the law books – reportedly several truck loads full – violated the Plaintiffs' Fifth Amendment right against deprivation of property without due process of law.

40. The Defendants also greatly shrank the size of the Franklin law library and other trial Court law libraries, and also closed several Mass. Trial Court law libraries, and at least one and possibly several or all of those actions were done without proper authorization. And these acts (at least some of them) deprived Mass. Citizens of valuable property – legal resources – without due process of law.

41. The Defendants also made several false or misleading statements to the public in order to hide their wrongful conduct.

42. This count is brought pursuant to 42 U.S.C. § 1983.

43. The relief sought is described below in par. 50.

### V.B. Count II: Civil Conspiracy (common law)

44. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs in this complaint.

45. It is alleged that the Defendants, various administrators and/or officials from the Executive Office of the Trial Court, and possibly others as well, conspired together to achieve the wrongful objectives of: covertly destroying thousands of law books from the Franklin Law Library and (probably) from various other Mass. Trial Court law libraries; and of greatly shrinking the size of the Franklin law library. They also may have conspired to pursue a pattern of wrongly closing or shrinking several other Trial Court law libraries.

46. Keeping the process of destroying the law books covert was also one of the objectives of this conspiracy.

47. It is also alleged that in furtherance of this conspiracy some of the conspirators made false and/or misleading public statements or expressions relating to the law books, the law libraries generally, the renovation of the Franklin Law Library and related issues. It is alleged that these false public statements and expressions were made with the knowledge and direction of others in the Executive Office of the Trial Court.

48. This count of Civil Conspiracy is brought pursuant to the common law.

49. The relief requested is described below in par. 50.

### VI. RELIEF REQUESTED

50. The Plaintiffs request judgment:
    (a) for compensatory damages against all Defendants, assessed jointly, in an amount to be determined later;

(b) for punitive damages against each Defendant in amounts to be determined later;

(c) for injunctive relief which includes:

- a permanent restraining order preventing any further destruction of law books in violation of applicable rules and laws and without public notice; and preventing the Executive Office of the Trial Court from any further unlawful interference in the plans of the Office of Capital Management.

- the requirement of the creation of a database of all law books kept by the Mass. Trial Court law libraries which is readily accessible to the public without charge and which includes significant details about the collection, and about each law book, so that the public can keep an eye on the law books;

- that the management of the Mass. Trial Court law libraries should be transferred from the Executive Office of the Trial Court to a more trustworthy and responsible entity.

Date: 7/12/2021      Signed: *Vincent Gillespie*
Vincent Gillespie
Plaintiff in pro per
P. O. Box 34
Orange, Mass. 01364
978-830-4392