UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| VINCENT GILLESPIE, and<br>JOHN DOES 1-10,000,<br>      Plaintiffs,<br><br>v.<br><br>THE EXECUTIVE OFFICE OF THE<br>MASSACHUSETTS TRIAL COURT and<br>JOHN DOES 1-10,<br>      Defendants. | Case# 3:21-cv-30083-KAR |

**MEMORANDUM IN SUPPORT OF**
**<u>EXECUTIVE OFFICE OF THE TRIAL COURT'S MOTION TO DISMISS</u>**

The Defendant Executive Office of the Massachusetts Trial Court ("Trial Court") moves to dismiss Plaintiffs' complaint (Dkt No. 2) in its entirety. The Trial Court reduced the size of its Greenfield law library, and *pro se* Plaintiff Vincent Gillespie contends that the Trial Court therefore deprived him—and all citizens of Massachusetts—of property rights in the removed books. From these allegations Plaintiff brings a Section 1983 claim and a common law conspiracy claim. Both claims must be dismissed because of the Trial Court's immunity and Plaintiff's lack of standing. Plaintiff also fails to state a claim; he has no protected interest in controlling the content of the Trial Court's library, he has not alleged an actionable conspiracy, and his claims are time barred.

**I.**   <u>THE ALLEGATIONS.</u>

Mr. Gillespie is a private citizen. Dkt. No. 2, ¶ 2. "The Franklin County Courthouse – which houses the Franklin County law Library – was renovated in a construction process which

1

occurred from 2014-2017." Dkt. No. 2, ¶ 6. In January of 2017, Mr. Gillespie "became very concerned when he learned of the drastic reduction in the size of the Franklin County Law Library collection[.]" Id., ¶ 10. He "soon learned that a very large number of law books from Franklin County Trial Court Law library – several truck loads full, reportedly – were taken to the North Star Pulp and Paper Company[.]" Id., ¶ 11. Mr. Gillespie concedes that the Trial Court "has responsibility for overseeing the Mass. Trial Court law libraries[,]" Id., ¶ 4, but alleges that "[t]hese books essentially belonged to the citizens of Massachusetts." Id., ¶ 39.

In March 2017, Mr. Gillespie submitted a public records request regarding the disposal of the books. Id., ¶ 15. Mr. Gillespie and others then had a series of interactions with the Trial Court over the issue, the details of which are not necessary for this motion to dismiss. Id., ¶¶ 12-37. The exchanges have lead Mr. Gillespie to believe that the books were destroyed in violation of Trial Court's own "Guidelines for the Disposal of Used Legal Materials in the Trial Courts[.]" Id., ¶ 28. Because Mr. Gillespie believes the books were destroyed without following the process set forth in the guidelines, he concludes that "thousands of law books from (one or more) 200 year old law libraries have been irresponsibly, illegally and covertly destroyed by the very entity which the citizens of Massachusetts (through their government representatives) have entrusted to look after and manage those libraries." Id., ¶ 36. The last event identified in the complaint is a July 9, 2018, letter from the Trial Court declining to provide various documents. Id., ¶ 32.

Based on these allegations, Mr. Gillespie filed this lawsuit on behalf of himself and the public (John Does 1-10,000) and he brings two claims against the Trial Court and unnamed employees who destroyed the books (John Does 1-10). Id., ¶¶ 2-4. In Count I (Dkt. No. 2, ¶¶ 38-43), Mr. Gillespie brings a claim for alleged violation of 42 U.S.C. § 1983, alleging that the "unauthorized destruction of the law books . . . violated the Plaintiffs' Fifth Amendment right

against deprivation of property without due process of law." Dkt. No. 2, ¶ 39. In Count II (Id., ¶¶ 44-49), Mr. Gillespie purports to bring a "count of Civil Conspiracy . . . pursuant to the common law" and premised on an allegation that the Trial Court and others "conspired together to achieve the wrongful objectives of: covertly destroying thousands of law books from the Franklin Law Library[.]" Id., ¶¶ 48, 45.

## II. STANDARD OF REVIEW.

"The proper vehicle for challenging a court's subject-matter jurisdiction," including challenges based on sovereign immunity, is Fed. R. Civ. P. 12(b)(1). Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362–63 (1st Cir. 2001). On a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), courts "accept as true all well-pleaded factual averments in the plaintiff's complaint and indulge all reasonable inferences therefrom in his favor." Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012) (internal citations and ellipses omitted). Where a defendant raises an affirmative defense, such as sovereign immunity, and "there is 'no doubt' that the plaintiff's claim is barred by the raised defense, dismissal is appropriate." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019).

"The same standard of review applicable to a motion to dismiss under Rule 12(b)(6) applies to a motion to dismiss under Rule 12(b)(1)." Santiago v. Colvin, No. CIV.A. 13-30120 - MGM, 2014 WL 4772290, at *1 (D. Mass. Sept. 23, 2014) (Mastroianni, J.) (citing Negron–Gaztambide v. Hernandez–Torres, 35 F.3d 25, 27 (1st Cir.1994)).

## III. Argument.

### A. The Claims of Plaintiffs John Doe 1-10,000 Must Be Dismissed Because Mr. Gillespie Cannot Represent Them.

Mr. Gillespie purports to bring this lawsuit on his on behalf, as well as on behalf of other citizens of Massachusetts, potentially as a class action. See, e.g., Dkt. No. 2, ¶¶ 3, 39. In the

complaint caption, Mr. Gillespie refers to these individuals as Plaintiffs John Doe 1-10,000. But as a pro se plaintiff, Mr. Gillespie "may not represent any other party[.]" Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of Mass. See Gillespie v. Cypher, 3:20-cv-30050, Dkt. No. 33 (June 30, 2021) (order of this court dismissing Mr. Gillespie's claims in another matter, and noting that he could not bring claims on behalf of others); Sandofsky v. Google LLCEyeglasses, 2021 WL 2941128, *1, n.1 (D. Mass, July 13, 2021) ("A class action cannot be brought by a pro se plaintiff"). As a result, all claims by John Doe 1-10,000 must be dismissed.[1]

### B. The Court Lacks Jurisdiction.

Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction functions as a restriction on federal power." Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (internal quotation marks omitted). Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). Mr. Gillespie failed to meet that burden.

#### 1. Eleventh Amendment Immunity Bars the Plaintiffs' Claims Against the Trial Court.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States . . . ." U.S. Const. amend. XI. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court" unless Congress "unequivocally intends" to abrogate the immunity and does so "pursuant to a valid grant of constitutional authority." Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001). "It is clear . . . that in the absence of

---

[1] The arguments below apply to John Does' claim just as they apply to Mr. Gillespie's claims.

4

consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment[.]" Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

It is beyond dispute that the Trial Court, absent waiver, is entitled to Eleventh Amendment immunity in federal court. Whalen v. Massachusetts Trial Ct., 397 F.3d 19, 28-30 (1st Cir. 2005) (state trial court entitled to Eleventh Amendment immunity). It is also black letter law that 42 U.S.C. § 1983 did not waive sovereign immunity. Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (holding that "claims under 42 U.S.C. § 1983" brought against the Massachusetts Trial Court "fail because a state and its agencies are not 'persons.'") (citing Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989)). Mr. Gillespie therefore cannot sue the Trial Court under 42 U.S.C. § 1983.

Without the Section 1983 claim, the Court should decline to exercise supplemental jurisdiction over the purported common law conspiracy claim. See Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998) (holding that the district court "erred in retaining supplemental jurisdiction over the state law claims after it dismissed the federal claims on which jurisdiction was based[,]" particularly where the plaintiff raises "substantial questions of state law that are best resolved in state court").

Regardless, the conspiracy claim is also barred by the Eleventh Amendment. The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." Sossamon v. Texas, 563 U.S. 277, 284 (2011), quoting College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 675 (1999). "A State's consent to suit must be unequivocally expressed in the text of the relevant statute." Sossamon, 563 U.S. at 284. The Massachusetts Legislature has not passed a statute unequivocally waiving its immunity

as to conspiracy claims. Even if such claims could be brought in *state court* under M.G.L. c. 258, that would not permit such claims to be filed in federal court. When the Commonwealth enacted M.G.L. c. 258, it only consented to suit in its own courts. M.G.L. c. 258, § 3 ("The superior court shall have jurisdiction of all civil actions brought against a public employer."). As the First Circuit explained, "[b]y enacting the Massachusetts Tort Claims Act," M.G.L. c. 258, "the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court." Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003).

The Eleventh Amendment therefore bars each of Mr. Gillespie's claims against the Trial Court, and the claims against the Trial Court must be dismissed.

### 2. Plaintiffs' Claims Against the John Doe Defendants Are Also Barred.

Mr. Gillespie sues not only the Trial Court, but also "[e]mployees from that office . . . who illegally had the books destroyed." Dkt. No. 2, ¶ 4. Mr. Gillespie "do[es] not know the names of the individual wrongdoers at this time[,]" Id., but names them as defendants John Does 1-10. The undersigned counsel does not represent John Does, but to the extent the individuals are sued in their official capacity, the claims are also barred by the Eleventh Amendment. Whalen, 397 F.3d at 28 ("the Eleventh Amendment, which generally bars suits in federal court against unconsenting states" also applies "to suits against state officials acting in their official capacities").

Mr. Gillespie may argue that, under the *Ex Parte Young* exception, the Eleventh Amendment only bars claims for damages against the individual defendants, and that his claims for injunctive relief against the individuals should survive. The *Ex Parte Young* exception "allows federal courts to enjoin state officials to conform their future conduct to the requirements of federal law[.]" Id. [internal quotations omitted]. But Mr. Gillespie is not seeking an injunction ordering future compliance with federal law, his requested injunctive relief seeks: (i) future

compliance with Trial Court guidelines; and (ii) various changes to how Massachusetts maintains its law libraries.[2] As discussed below, there is no federal law (e.g., no constitutional due process protection) that requires the Trial Court to comply with its book disposal guidelines. Nor is there any federal law requiring the proposed changes to library management. Therefore *Ex Parte Young* is inapplicable.

Moreover, Mr. Gillespie is essentially asking this court to re-write how the Commonwealth manages its libraries and allocates responsibilities among its different branches. Dkt. No. 2, ¶ 50(c). As such, Mr. Gillespie is essentially asking the federal courts to commandeer state library management. That is barred by the Tenth Amendment. See Printz v. United States, 521 U.S. 898, 912 (1997) ("[S]tate legislatures are *not* subject to federal direction.") (emphasis in original); New York v. United States, 505 U.S. 144, 178 (1992) (federal government cannot "command a state government to enact *state* regulation.… The Constitution instead gives Congress the authority to regulate matters directly and to pre-empt contrary state regulation. Where a federal interest is sufficiently strong to cause Congress to legislate, it must do so directly; it may not conscript state governments as its agents.") (emphasis in original).

The claims against the individuals in their official capacity are therefore barred.

---

[2] The specific injunctive relief sought is as follows:
 • a permanent restraining order preventing any further destruction of law books in violation of applicable rules and laws and without public notice; and preventing the Executive Office of the Trial Court from any further unlawful interference in the plans of the Office of Capital Management.
 • the requirement of the creation of a database of all law books kept by the Mass. Trial Court law libraries which is readily accessible to the public without charge and which includes significant details about the collection, and about each law book, so that the public can keep an eye on the law books;
 • that the management of the Mass. Trial Court law libraries should be transferred from the Executive Office of the Trial Court to a more trustworthy and responsible entity.
Dkt. No. 2, ¶ 50(c).

### 3. Plaintiff Lacks Standing Because His Injuries Are Generalized Grievances.

Mr. Gillespie lacks the requisite standing to bring any of his claims against any of the defendants because he lacks a particularized injury. Rather, he has a generalized grievance with how Massachusetts has chosen to manage its Trial Court law libraries. That is not sufficient to give him standing.

"Standing is both a constitutional and a prudential limitation on federal jurisdiction." Coggeshall v. Massachusetts Bd. of Registration of Psychologists, 604 F.3d 658, 666 (1st Cir. 2010). "Injury in fact" is the "first and foremost concern in standing analysis," and the injury "must be concrete and particularized and actual or imminent, not conjectural or hypothetical." Reddy v. Foster, 845 F.3d 493, 500 (1st Cir. 2017) (internal quotations and citations omitted). "For an injury to be 'particularized,' it must go beyond a 'generalized grievance,' to manifestly 'affect the plaintiff in a personal and individual way[.]'" Lyman v. Baker, 954 F.3d 351, 360–61 (1st Cir. 2020) (citations and brackets omitted). "Injuries that are too 'widely shared' or are 'comparable to the common concern for obedience to law' may fall into the category of generalized grievances about the conduct of government." Id. at 361. As recently summarized by the Supreme Court, this particularity requirement means plaintiffs must demonstrate "a personal stake in the outcome . . . distinct from a generally available grievance about government[.]" Gill v. Whitford, 138 S. Ct. 1916, 1923 (2018) (internal quotations omitted). This "ensures that [courts] act as judges, and do not engage in policymaking properly left to elected representatives." Id.

Mr. Gillespie does not allege an individual injury; he has a generalized grievance over the disposal of library books. His complaint is premised on his belief that the Trial Court violated the alleged property rights of "the citizens of Massachusetts" by destroying state-owned books. Dkt.

8

No. 2, ¶ 39. He does not make any claim that the alleged wrongdoing affects him "in a personal and individual way." Gill, 138 S. Ct. at 1923 (2018), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, n.1. (1992). Instead, he relies on "the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past." Gill, 138 S. Ct. at 1931 (quoting Lance v. Coffman, 549 U.S. 437, 442 (2007)). Just as individuals lack standing to bring suit over occupancy limits and mask mandates, even if they may be particularly bothered by the mandates, Mr. Gillespie lacks standing to bring suit over state library practices. See Delaney v. Baker, 511 F. Supp. 3d 55, 69 (D. Mass. 2021); Beaudoin v. Baker, No. CV 20-11187-NMG, 2021 WL 1162927, at *4 (D. Mass. Mar. 25, 2021). Mr. Gillespie lacks standing and the complaint must be dismissed.

### C. Plaintiff Failed to State a Claim.

Mr. Gillespie also fails to state a 1983 claim or a conspiracy claim, and any such claims would be time barred.

#### 1. Plaintiff Has No Constitutionally Protected Interest In Controlling the Content of Trial Court Libraries.

In Count I, Plaintiff brings a Section 1983 claim based on his assertion that the destruction of library books violated his right against deprivation of property without due process of law. E.g., Dkt. No. 2, ¶ 39. Plaintiff asserts that his due process right stems from the Fifth Amendment to the United States Constitution. "The Fifth Amendment Due Process Clause, however, applies only to actions of the federal government—not to those of state or local governments." Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 8 (1st Cir. 2007) (quotes omitted). But even construing Count I as a 1983 claim for a due process violation under the Fourteenth Amendment, Mr. Gillespie still fails to state a claim.

"To state a procedural due process claim under § 1983, the plaintiff must allege facts

9

which, if true, establish that the plaintiff (1) had a property interest of constitutional magnitude and (2) was deprived of that property interest without due process of law." Clukey v. Town of Camden, 717 F.3d 52, 54-55 (1st Cir. 2013). "The threshold issue in a procedural due process action is whether the plaintiff had a constitutionally protected property interest at stake." Id. Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972).

There is no independent source that grants Mr. Gillespie a constitutionally protected property interest in controlling what books are kept in the Trial Court's library. Although an individual may have a property interest if his individual right to use a library is revoked, see Wayfield v. Town of Tisbury, 925 F. Supp. 880, 882 (D. Mass. 1996), that is not the issue presented in this case. Mr. Gillespie does not allege that he has been given different access to books than other library patrons. Rather, Mr. Gillespie alleges a property interest controlling what books the Trial Court keeps in its libraries because he believes the books "essentially belonged to the citizens of Massachusetts." Dkt. No. 2, ¶ 39.

Every citizen of Massachusetts does not automatically have a protected interest in property owned by the Commonwealth. "An interest becomes a protected property interest when recognized by state statute or a legal contract, express or implied, between the state agency and the individual." Marrero–García v. Irizarry, 33 F.3d 117, 121 (1st Cir. 1994). The plaintiff "must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. . . .  In order to be legitimate, the entitlement must be grounded in some statute, rule, or policy." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 30 (1st Cir. 2008) (quotations omitted). There is no statute, rule, or policy that gives Mr. Gillespie a legitimate entitlement to

10

control what library books the Trial Court keeps. Plaintiff alleges that the Trial Court violated its own guidelines in disposing of the books, Dkt. No. 2, ¶ 39, but does not articulate how that would create an interest in the books. Nor could he; the guidelines are not "between the state agency and the individual." Marrero–García, 33 F.3d at 121. Moreover, Mr. Gillespie does not identify any process in the guidelines to which he believes he should be entitled; instead he argues that the guidelines impose requirements on how the Trial Court documents the sale of books. Dkt. No. 2, ¶ 39. As such, Mr. Gillespie lacks a property interest and any state-created due process protections.

Mr. Gillespie appears to be arguing that merely because he used and relied upon the Trial Court's library, he has a protected interest in the contents of that library. He does not. Patronizing a public resource, such as a library, is not enough to create a protected entitlement over the content of the library, or even its existence. See Hague v. Massachusetts Dep't of Elementary & Secondary Educ., No. CIV.A. 10-30138-MAP, 2011 WL 7763571, at *9 (D. Mass. July 26, 2011) (recognizing that students may be "sorely disappointed by the elimination of" their school, but they did not have a constitutionally protected property right in attending that particular school), report and recommendation adopted, No. CIV.A. 10-30138-DJC, 2011 WL 4073000 (D. Mass. Sept. 12, 2011).

Because Mr. Gillespie lacks a constitutionally-protected property interest in the destroyed books, and because there are no established processes of which he was denied, he fails to state a Section 1983 for deprivation of property without due process.

### 2. Plaintiff Failed to State a Claim for Civil Conspiracy.

In Count II, Plaintiff brings a civil conspiracy claim under "common law." Dkt. No. 2, ¶ 48. "To prove their claims for civil conspiracy, the plaintiffs must show an underlying tortious act in which two or more persons acted in concert and in furtherance of a common design or

agreement." Bartle v. Berry, 80 Mass. App. Ct. 372, 383–84 (2011). Mr. Gillespie failed to state such a claim because he did not allege any underlying tortious act; he merely asserts that the Trial Court failed to follow its guidelines for disposing of books. In addition, even if Mr. Gillespie had stated the elements of a conspiracy claim, he cannot bring such a claim against the Trial Court. Massachusetts has only waived its immunity from common law tort claims as set forth in M.G.L. c. 258. If it is possible to bring a common law conspiracy claim against the Trial Court, the plaintiff must comply with the requirements of M.G.L. c. 258, including the requirement that plaintiffs present their claims to the Commonwealth less than two years after they occurred, and before filing suit. M.G.L. c. 258 § 4. See Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 283 (1985) ("If proper presentment is not made within the time allotted, the plaintiff's complaint is subject to dismissal."). Mr. Gillespie does not allege he has done so, and so his claim could not proceed in any court.

### 3. Plaintiff's Claims Are Time-Barred.

If Mr. Gillespie could have brought a Section 1983 or conspiracy claim, the claims would be time barred. Massachusetts has a three-year statute of limitations, which applies to both state law tort claims and Section 1983 claims. See M.G.L. c. 260, § 2A ("Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."); Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001) ("a federal court called upon to adjudicate a section 1983 claim ordinarily must borrow the forum state's limitation period governing personal injury causes of action . . . Massachusetts prescribes a three-year statute of limitations for personal injury actions"). "[T]he accrual date for a § 1983 action is simply the date when the potential plaintiff knew or should have known that she was harmed." Cao v. Puerto Rico, 525 F.3d 112, 115 (1st Cir. 2008). As a result, any claim that Mr. Gillespie could have brought over

the destruction of the books accrued on March 7, 2017, when he submitted his public records request regarding the destruction of the books, Dkt. No. 2, ¶ 15, and therefore expired in March 2020, well before this lawsuit was filed on July 12, 2021. The accrual date is not the last date in the complaint, the date when the Trial Court issued a letter allegedly declining to produce certain documents. Dkt. No. 2, ¶ 32. See Cao, 525 F.3d at 115 (rejecting a plaintiff's argument that her claim accrued not when the harm originally occurred, but after the subsequent, compulsory state proceedings were completed). But even if causes of action accrued on that final date, July 9, 2018, Dkt. No. 2, ¶ 32, the complaint would still be untimely. The lawsuit must be dismissed.

**IV.    CONCLUSION.**

The entire complaint should be dismissed.

Respectfully submitted,

THE EXECUTIVE OFFICE OF THE TRIAL COURT,

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL,


/s/ Andrew Batchelor
_____
Andrew Batchelor (BBO# 673248)
Deputy Regional Chief and
Assistant Attorney General
1441 Main Street, Suite 1200
Springfield, MA 01103
Tel: (413) 523-7708
Fax: (413) 523-7765
andrew.batchelor@mass.gov

November 2, 2021

## **CERTIFICATE OF SERVICE**

       I certify that the foregoing was filed through the Electronic Case Filing system, copies will be sent electronically to those registered participants listed on the Court's Notice of Electronic Filing (NEF) and paper copies will be served by first-class mail, postage prepaid, to those listed on the NEF as non-registered participants.

                                         /s/ Andrew Batchelor

                                         Andrew Batchelor

November 2, 2021